19181

The STATE, Respondent, v. Eugene Woodrow SEIFRIED, Appellant

(179 S. E. (2d) 718)

*Messrs. Leatherwood, Walker, Todd & Mann* and *Harvey G. Sanders, Jr.,* of Greenville, *for Appellant,*

*B. O. Thomason, Jr., Esq., Solicitor,* of Greenville, *for Respondent,*

March 2, 1971.

BRAILSFORD, Justice.

On November 16, 1969, the defendant, Eugene W. Seifried, shot Vaughn Granger with a pistol, the ball entering his body near the left collarbone. Upon his trial in the Court of General Sessions for Greenville County, Seifried was convicted of assault and battery of a high and aggravated nature. He appeals to this court, charging error in the admission of evidence relating to the absence of powder burns on the victim's clothing.

Granger testified that the defendant shot him from a distance of about ten feet while the two men were standing outside of the defendant's automobile. On the other hand, the defendant testified that upon being threatened by Granger he sought to escape by entering his automobile, and shot in self-defense as Granger, despite his warning to stop, followed him into the car. He did not attempt to estimate the distance between the pistol muzzle and Granger when the shot was fired.

A doctor testified that there were no powder burns on Granger's person, and a sweater and shirt which Granger identified as having been worn by him at the time of the shooting were admitted in evidence without objection.

After Lieutenant Wilson, a laboratory technician of the South Carolina Law Enforcement Division, had testified that on December 12, 1969, he examined the shirt and sweater "looking for powder burns or burned on powder," the following took place:

"Q. All right. And did you find any on the shirt or the sweater?

"Mr. Sanders: Your Honor, now, I object to that question.

"The Court: On what ground?

"Mr. Sanders: I object on the ground that there are a number of variables which affect whether or not there are powder burns present on clothing. Those variables have not been dealt with here. We do not know the clothing is in the same condition it was in at the time. His testimony would be irrelevant especially when we have the conditions being involved, the residue can usually be swept away, brushed away. We don't have any lengthy testimony * * *.

"The Court: Ask him how long powder burns stay on clothes.

"Solicitor Thomason: How long—just tell us a little bit about powder burns. How do you examine clothing for powder burns? How long do powder burns stay on clothing?

"A. We found in the experiments working with the burned powder in the laboratory that it leaves the gun barrel hot. Very hot. It's burning sometimes as it leaves. It will fuse to the surface such as fabric. You could rub it or handle it and some will fall out but some would stay enough to fuse to the fabric.

"Q. And how long would it stay?

"A. From now on unless you cut it out.

"Q. Did you find any powder burns?

"Mr. Sanders: Your Honor, I object to that question.

"The Court: Overrule the objection.

"Solicitor Thomason: Did you find any powder burns in the sweater or the shirt?

"A. No, sir, we did not.

"Q. Did you perform any other tests other than for powder burns?

"A. No, sir."

After developing on cross-examination that the incidence and amount of powder residue on fabric into which a gun or pistol has been fired are affected by a number of factors of which the witness took no account in this case, counsel unsuccessfully moved to strike his testimony "because the necessary proof and evidence (are) not here to make this an accurate examination."

The first three of four exceptions on this appeal charge error in admitting in evidence testimony concerning *tests* for powder burns made on December 12, 1969, to clothing worn by the prosecuting witness at the time of the shooting. The error assigned by the first exception is that "there was no testimony to show that the condition of the clothing was the same when the tests were made as when the incident occurred"; hence, the testimony was irrelevant and prejudicial. That assigned by the second exception is that "there was no evidence to indicate that various factors affecting the presence or absence of powder burns had been taken into account in making such tests"; hence, the testimony was irrelevant and prejudicial. That assigned by the third exception is that no related evidence was introduced "to show the significance of the presence or absence of powder burns on clothing"; hence, the testimony was irrelevant and prejudicial.

These exceptions are upon the premise that the witness testified to the performance of certain tests on the defendant's clothing which disclosed the absence of powder burns, and the brief is of the same tenor. We do not so read the record. The witness merely testified that he inspected the shirt and sweater "looking for powder burns or burned on powder" and found none. In this light, the grounds upon which the defendant objected to the admission of the testimony were without merit. The witness' reference to laboratory experiments with burning powder and fabric was not directed toward the defendant's clothing, and was admitted without objection.

The fourth exception charges that the court erred in refusing the defendant's motion to strike testimony "designed to show that no powder burns were detected in tests made by Lieutenant Wilson," the error being that there was no evidence as to the significance of the presence or absence of powder burns and none as to the variables which would affect their incidence; hence, the testimony was irrelevant and prejudicial. Waiving the point that there was no testimony of the tenor referred to in the exception, we find no error, certainly none to the prejudice of the defendant. The burden of defendant's argument is that the testimony should have been stricken as irrelevant because of the absence of properly qualified testimony establishing the significance of the presence or absence of powder burns on defendant's clothing; and that, by refusing to strike the testimony, the court permitted the jury "to speculate and surmise concerning the importance of this factor * * *."

The absence of burns was merely a physical fact about which the jurors were at least as likely to speculate from their own inspection of the garments in the jury room as from their consideration of the oral testimony on the point. Counsel had full opportunity to, and presumably did, point out to the jury the failure of the State to establish by testimony that the absence of powder burns was inconsistent with defendant's version of the shooting. This ground of objection was not asserted until the motion to strike was renewed after the conclusion of all of the evidence. The testimony was cumulative, and the motion was addressed to the sound discretion of the trial judge. We are not convinced that the refusal of the motion amounted to an abuse of discretion or that it resulted in prejudice to the defendant.

Affirmed.

Moss, C. J., and Lewis, Bussey and Littlejohn, JJ., concur.